UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**HARTFORD FIRE INSURANCE CO**     **CASE NO. 6:18-CV-00496**

**VERSUS**     **JUDGE JUNEAU**

**DOMINIQUE'S LIVESTOCK MARKET INC**     **MAGISTRATE JUDGE WHITEHURST**
**ET AL**

## MEMORANDUM RULING

Before the Court is the unopposed Motion for Summary Judgment,[1] Rec. Doc. [25], filed by Interpleader-Defendant, Dominique's Livestock Market, Inc. (Dominique's). Plaintiff, Hartford Fire Insurance. Co., deposited $85,000.00 into the registry of the Court representing the penal value of bond number 87 BSB FF6739 naming R&W Farms, LLC as principal, under the Packers and Stockyard Act, 7 U.S.C. § 181, *et seq.* This Court previously ordered disbursement of $3,968.40 to attorneys for Plaintiff for fees and costs. Dominique's seeks summary judgment awarding it the balance of the bond proceeds in the registry of the Court.

---

[1] The fact that Dominique's motion is unopposed does not necessarily mean Dominique's should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem Dominique's statement of uncontested material facts, R. 25-2, admitted for purposes of the motion. Local Rule 56.2W.

## Background

Plaintiff, Hartford Fire Insurance Co., issued bond number 87 BSB FF6795, with R&W Farms, LLC as principal, pursuant to the Packers and Stockyards Act, 7 U.S.C. § 181 *et seq.* The bond had a penal sum of $85,000.00. Plaintiff alleges in its Complaint that on November 29, 2017, Mansura Livestock and Kinder Livestock submitted claims on the bond in the amounts of $351,625.40 and $373,004.61, respectively. On December 8, 2017, Dominique's submitted a claim on the bond in the amount of $116,069.69. Each claimant alleged it had sold livestock to R&W Farms for which R&W Farms failed to make payment.

On April 12, 2018, Plaintiff filed the instant Complaint for Interpleader to determine the respective rights of the claimants to the bond proceeds. Defendants, Kinder and Mansura, answered the complaint on May 2, 2018. Defendant, Dominique's, answered the complaint on May 3, 2018.

On May 7, 2018, this Court granted Plaintiff's motion for leave to deposit the sum of $85,000.00 into the registry of the Court, discharged Plaintiff from any further liability under the bond, and dismissed Plaintiff from this action with prejudice. The Court further ordered that Plaintiff was entitled to reasonable attorney's fees. On September 25, 2018, this Court granted Plaintiff's motion to disburse $3,968.40 for its attorney's fees and costs in bringing this action.

On September 20, 2018, Dominique's served upon Mansura and Kinder Request for Admissions. Neither Defendant responded. On November 18, 2018, Dominique's filed the instant Motion for Summary Judgment, along with its Statement of Uncontested Facts and the Affidavit of John E. Dominique, an officer of Dominique's.

Interpleader-Defendants, Mansura and Kinder, had until October 11, 2018 to file their opposition to Dominique's Motion for Summary Judgment. Both Defendants failed to do so. On January 3, 2019, this matter was reassigned to the undersigned. Pursuant to a minute entry of January 4, 2019, the Court granted Defendants, Mansura and Kinder, until January 15, 2019 to file their opposition to Dominique's Motion for Summary Judgment. As of the date of this ruling, neither Mansura nor Kinder has filed an opposition.

## Motion for Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475

U.S. 574, 587 (1986). A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Initially, the movant bears the burden of identifying those portions of the pleadings and discovery in the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Once a properly supported motion for summary judgment has been made, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex*, 477 U.S. at 324. As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied.

If the moving party succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial. *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in

the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e). There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322. Before it can find there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

## **Analysis**

The undisputed facts establish that Dominique's sold cattle to R&W Farms on credit for $116,069.69 and that R&W Farms made no payment to Dominique's toward the amount due. Dominique's filed a claim against the bond on December 6, 2017 for the amount owed to it by R&W Farms.

Mansura and Kinder, in not responding to Dominique's Request for Admissions or opposing Dominique's Statement of Uncontested Facts, are deemed

to have admitted that they are Market Agencies under 7 U.S.C. § 201, that they are owned by Donald Perkins and Peggy Perkins, and that the Perkins undertook contractual duties and responsibilities under an Indemnity Agreement executed on June 1, 2015 whereby they agreed to indemnify and hold harmless Plaintiff, Hartford Fire Insurance Co., from and against any and all liabilities, losses, and expenses arising from the bond Plaintiff issued on behalf of R&W Farms in violation of 9 C.F.R. § 201.61. Mansura and Kinder are further deemed to have admitted that because their owners, the Perkins, are liable to Plaintiff for purposes of indemnification for the payout of the bond proceeds, neither Mansura nor Kinder are entitled to the bond proceeds.

Considering the foregoing, the Motion for Summary Judgment, Rec. Doc. [25], is hereby **GRANTED** and Interpleader-Defendant, Dominique's Livestock Market, Inc. is awarded the balance of the bond proceeds deposited with the Court.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 7th day of February, 2019.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE